UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELEVERT S. BRISCOE, JR., | ) | CASE NO. 1: 02 CV 2393 |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MARGARET BAGLEY, | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann. The Report and Recommendation (ECF # 49), submitted on October 6, 2005, is hereby ADOPTED by this Court.

## Procedural and Factual Background

After a jury found Petitioner guilty of two counts of rape of a minor by force, Petitioner was sentenced to two concurrent terms of life imprisonment on February 8, 1999. Following a hearing, Petitioner was determined to be a sexual predator.

Petitioner filed a federal Petition for a Writ of Habeas Corpus with this Court on December 6, 2002. (ECF # 1.) Petitioner raises six (6) claims as grounds for relief:

GROUND ONE: CONVICTION OBTAINED IN VIOLATION OF THE PROTECTION AGAINST CONVICTION EXCEPT UPON PROOF BEYOND A REASONABLE DOUBT, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

GROUND TWO: CONVICTION OBTAINED BY A VIOLATION OF THE PRIVILEGE OF CONFRONTATION AND THE RIGHT TO COUNSEL, UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

> GROUND THREE: CONVICTION OBTAINED BY INADMISSIBLE AND PREJUDICIAL HEARSAY EVIDENCE, UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
>
> GROUND FOUR: PETITIONER WAS DENIED APPELLATE COUNSEL, DUE PROCESS AND EQUAL PROTECTION, UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
>
> GROUND FIVE: PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, DUE PROCESS, AND A FAIR APPEAL AS OF RIGHT, UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
>
> GROUND SIX: TRIAL COUNSEL DENIED PETITIONER EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL GUARANTEED UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

On August 19, 2003, the Magistrate Judge issued a Report and Recommendation, recommending that the Court deny Petitioner's petition, because it is barred by the applicable statute of limitations. (ECF # 26.) On August 27, 2003, Petitioner filed objections to the Report and Recommendation. (ECF # 28.) On September 25, 2003, this Court adopted the Magistrate Judge's Report and Recommendation. (ECF # 29.)

Petitioner appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit, which issued a mandate vacating the judgment and remanding for further consideration on February 28, 2005. (ECF # 37.) Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Hemann for the preparation of a report and recommendation. Magistrate Judge Hemann issued her Report and Recommendation on October 6, 2005, recommending that Petitioner's Writ of Habeas Corpus be denied. (ECF # 49.)

Petitioner filed his objection to that Report and Recommendation on October 24, 2005. (ECF # 50.) Respondent did not respond to Petitioner's objection. The Court herein reviews the Report and Recommendation and Petitioner's objection.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which an objection has been filed, de novo. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

### Conclusion

This Court has reviewed the Report and Recommendation of this case de novo and has considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.[1] Nothing stated in Petitioner's objection convinces this Court that the Magistrate Judge's Report and Recommendation is in error. Accordingly, Petitioner's objection to the

---

[1] In doing so, the Court notes that, on rehearing en banc in *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005), the Sixth Circuit held that a petitioner has no federal constitutional right to appointed counsel in order to file an application to reopen his first appeal as of right, and thus overruled its decision in *White v. Schotten*, 201 F.3d 743, 752-53 (6th Cir. 2000). Accordingly, the law of the Sixth Circuit is now clear on this issue.

Report and Recommendation is OVERRULED, the Report and Recommendation of Magistrate Judge Hemann is hereby ADOPTED, and Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 23, 2005